AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED
Jun 02, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

United States of America
v.

JONATHAN MICHAEL THORNTON

*Defendant(s)*

Case No. 2:20-mj-0082 EFB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 1, 2020 to June 1, 2020 in the county of San Joaquin in the Eastern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography |
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Greg Wenning (by telephone authorization)
*Complainant's signature*

Greg Wenning, Special Agent FBI
*Printed name and title*

Sworn to me and signed telephonically.

Date: June 2, 2020

*Judge's signature*

City and state: Sacramento, CA

Edmund F. Brennan, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF SPECIAL AGENT GREG WENNING**

**IN SUPPORT OF COMPLAINT**

I, Greg Wenning, being duly sworn, depose and state as follows:

## AGENT BACKGROUND

1. I have been employed as a Special Agent ("SA") of FBI, since 2013, and am currently assigned to the Sacramento Division. While employed by the FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training at FBI Crimes Against Children training courses and through everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Specifically, during the course of my employment with the FBI I have received training regarding child pornography investigations and investigations regarding crimes committed using email, cloud services, mobile devices, peer-to-peer software and computers. I have personally investigated individuals or groups of individuals who possessed, produced and traded images and videos of child pornography and I have testified in grand jury and federal trials regarding my investigations. I have also been the affiant for over twenty federal search warrants, and have personally participated in the execution of multiple residential and device search warrants, including those where the warrant authorized the search and seizure of digital devices for the purpose of seizing evidence of the sexual exploitation of children, including images of child pornography. I have personally interviewed collectors and producers of child pornography and have learned through those interviews and subsequent review of approximately 150 electronic devices, the methods employed by these individuals to obtain, store and conceal their collection of child pornography.

2. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252, and I am authorized by law to request a search warrant.

3. This affidavit is based upon my own personal knowledge and the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other special agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

## INTRODUCTION

4. The Federal Bureau of Investigation Sacramento Division, Rippon Resident Agency received information from an FBI Online Covert Employee ("OCE") that an individual was knowingly distributing visual depictions of a minor engaged in sexually explicit conduct within the definition in 18 U.S.C. § 2256 on a DarkNet website to which the OCE had access. Through information described below, that individual was identified as JONATHAN MICHAEL THORNTON ("THORNTON"). It was further determined that THORNTON produced the images of the minor engaged in sexually explicit conduct that he distributed on the website. For that reason, this affidavit is made in support of a criminal complaint and application for an arrest warrant for THORNTON for production and distribution of child pornography.

5. The statements in this affidavit are based in part on information provided by other law enforcement agents, as well as my own investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that THORNTON has violated 18 U.S.C. §§ 2251(a) and 2252(a)(2).

## STATUTORY AUTHORITY

6. This affidavit is submitted to establish that there is probable cause to believe that THORNTON committed violations of 18 U.S.C. § 2251(a), relating to the production of child pornography, and 18 U.S.C. § 2252(a)(2), relating to possession, receipt, distribution, and transportation of material involving the sexual exploitation of minors. 18 U.S.C. § 2251(a) prohibits knowingly employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. 18 U.S.C. § 2252(a)(2) prohibits knowingly receiving or distributing, by computer or mail, any visual depiction of a minor engaging in sexually explicit conduct that has been mailed, shipped, or transported in interstate or foreign commerce. The statute also prohibits knowingly reproducing any visual depiction of any minor engaging in sexually explicit conduct for distribution in interstate or foreign commerce by any means, including by computer or the mail.

## **DEFINITIONS**

7. The following definitions apply to this Affidavit:

a. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

b. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

c. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

d. "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

e. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

f. "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." *See* 18 U.S.C. § 1030(e)(1).

g. "Computer hardware" consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

k. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

**BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE**

1. The user of an online account, referred to herein as TARGET USER,[1] was observed distributing images of child pornography on a particular Internet website, referred to herein as TARGET

[1] The username of TARGET USER is known to law enforcement. Investigation into other users who interacted with TARGET USER's account remains ongoing and disclosure of TARGET USER's username would potentially alert those users to the investigation, potentially provoking users to notify other users of law enforcement action, flee, and/or destroy

WEBSITE.[2] Based on information set forth below, was determined that the TARGET USER is Jonathan THORNTON. It was further determined that THORNTON produced the images he distributed on TARGET WEBSITE.

**TARGET USER's Activity on TARGET WEBSITE**

2. On or about May 12, 2020, an FBI Online Undercover Employee (hereinafter "OCE") received information that TARGET USER was posting nude and non-nude photos of minor children on TARGET WEBSITE. TARGET WEBSITE is a site on the DarkWeb, which is a network that masks an internet user's identity. For this reason, sites on the DarkWeb are often used for illicit activity, including the distribution of child pornography. The OCE searched for TARGET USER in the search box available on the site and discovered the profile page for TARGET USER's account. TARGET USER's username was displayed at the top of the profile page. TARGET USER's profile displayed a link to their posts on TARGET WEBSITE, organized by "topics." There were approximately fourteen topics created by TARGET USER, which included "Ideas for Pixie," "Pixie in Overalls," and "Pixie Says Hi."

3. A review of the topics and posts made by TARGET USER indicated that TARGET USER had posted many modeling non-nude images of underage girls, as well as nude and non-nude images of a minor child (hereinafter "VICTIM 1"). TARGET USER referred to VICTIM 1 as "Pixie." These topics and posts appeared under TARGET USER's username, showing that they were posted from TARGET USER's account.

4. TARGET USER had also created a topic titled "Ideas for Pixie" wherein other users of TARGET WEBSITE suggested other ideas for future photography sessions with VICTIM 1. Around May 26, 2020, FBI OCE noted that TARGET USER's profile on the TARGET WEBSITE displayed a specific link ending in ".onion." Users of the TARGET WEBSITE control the material that appears on their profile page, meaning that the ".onion" link was posted by the TARGET USER. Clicking on this link led to another page outside of TARGET WEBSITE which contained profiles of at least six female children that all appear to be under the age of eighteen. TARGET USER's username also appeared on

---

evidence.

[2] The name of TARGET WEBSITE is known to law enforcement. Investigation into the users of the website remains ongoing and disclosure of the name of the website would potentially alert active website users to the investigation, potentially provoking users to notify other users of law enforcement action, flee, and/or destroy evidence.

this page. The site displayed an image of VICTIM 1 under the name “Pixie,” along with the following description: “Pixie is a nude model. She is 7 years old and available for custom sets.” Another model named “Olive” is pictured with a caption reading, “Olive is six years old and is a suggestive NN model ***Not currently working***.” Based on my training and experience, “NN” in this context means non-nude.

5. Your affiant reviewed the images of VICTIM 1 posted by TARGET USER and determined that at least 50 of the images of VICTIM 1 contain child exploitation material (CEM), specifically lascivious display of the genitals. The photos of VICTIM 1 were posted in 10 collages, with each collage containing between 27 and 189 photos. Each collage starts with VICTIM 1 nude or partially clothed and progresses to her being fully nude. The pictures appear to be still frames taken from a continuous video or shots taken in rapid succession as VICTIM 1 was moving between poses. The background is solid black plastic or a sheet. Below are descriptions of several of the sets of photos:

a. File Name “kfbwden.jpg” – This is a single photo of VICTIM 1 standing in front of a white background wearing white leggings and jean overalls with no shirt underneath.

b. File Name “uwjnh7vg.jpg” – This collage contains 63 photos. VICTIM 1 is wearing a grey shirt, jean shorts and white leggings. As the photos progress, she takes off her shorts and bends over, then lays on her back with her with her legs spread and her vagina visible in 13 photos. She then touches and spreads her vagina in six additional photos.

c. File Name “mwppavwh.jpg” - This collage contains 144 photos. VICTIM 1 is wearing a white dress with no undergarments. In ten of the photos her legs are spread and her vagina is visible, and is three of the photos she is lying on her back with her legs spread and her vagina visible.

d. File Name “hgrmk886.jpg” – This collage contains 80 photos with three different outfits. VICTIM 1 is wearing a white robe with no undergarments. In a second outfit, she is wearing a white dress with no undergarments. In 14 of the photos her legs are spread with her vagina visible and in six photos she is kneeling and lifting her dress, exposing her vagina.

e. File Name “ofcb3xnc.jpg” – This collage contains 130 photos. VICTIM 1 is wearing a pink bikini and looks back at the camera as she removes her bikini bottoms, then faces the camera and exposes her vagina.

f. File Name “wirxo8V9.jpg” – This collage contains 105 photos. VICTIM 1 is wearing a pink dress and undresses in a sensual manner before exposing her vagina in the final two photos.

g. File Name “x8h43vo8.jpg” – This collage contains 103 photos. VICTIM 1 is naked holding a toy microphone and approximately the last third of the photos show her jumping and squatting with her vagina visible in the photos.

h. File Name “4l2mq7lv.jpg” – This collage contains 189 photos. VICTIM 1 is wearing a white robe with no undergarments and is crawling, then lays on her back with her legs spread and her vagina visible.

i. File Name “5nafqewt.jpg” – This collage contains 90 photos. VICTIM 1 is wearing a red mesh, see through, tube-style dress with no undergarments. She stands and then kneels with her vagina visible in several photos.

j. File Name “62xaqio3.jpg” – This collage contains 27 photos. VICTIM 1 is naked, lying on her back with stuffed animals around her and a stuffed animal lying on her vagina, covering it up. In the second half of the photos she is sitting on the ground with her legs spread, holding a stuffed animal in front her vagina.

k. File Name “6woehrd.jpg” – This collage contains 103 photos. VICTIM 1 is naked, sitting in paint. As the pictures progress, she rubs paint all over her body, on her inner thighs and vagina and is eventually entirely covered in the paint.

6. On May 26, 2020, FBI OCE advised your affiant that additional photos of VICTIM 1 were posted to TARGET WEBSITE which are similar in nature to the above photos.

7. Around June 1, 2020, FBI OCE conducted a review of the TARGET USER’s postings on TARGET WEBSITE and discovered that new images of VICTIM 1 had been posted, which included an image of stills from a video. This image had the title “Pixie Rub Down.mp4” and showed VICTIM 1 nude with an adult nude female seemingly rubbing the child. There was also an image of VICTIM 1 naked with a cherry in her vagina. TARGET USER posted the following statement regarding that image: “I must have spent a good 5 minutes fucking her with that cherry to get it in far enough it would stay.” Another new image of VICTIM 1 showed her in a bathing suit with overalls pulled down to her waist. In this image, VICTIM 1 is pictured with a male child pulling her overalls out to look at her underwear.

**Identification of TARGET USER**

8. FBI OCE searched for the non-nude images posted by TARGET USER among publicly posted photos on the internet, and identified a positive visual match. The image posted by TARGET USER was also posted on the page of Instagram user "thorntonphotographystudio" with the web address www.instagram.com/thorntonphotographystudio. The name displayed for the Instagram account was Jonathan Thornton, and the Instagram account listed a link to the website www.thorntonphotographystudio.com. This website was a site for a business named Thornton Photography. From the tabs available at the top of the website, the OCE accessed the Portfolio tab, and identified additional non-nude photos of minors that were also matches to the photos posted by TARGET USER. The Contact tab for Thornton Photography listed an address of Baldwin Park, CA and the telephone number 626-246-6944.

9. A search of law enforcement databases for Jonathan Thornton in Baldwin Park, CA resulted in one match for a John Michael Thornton (THORNTON), date of birth August 7, 1983, address 526 Caribrook Way, Stockton, CA. A California DMV driver's license photo was obtained for THORNTON and THORNTON's photo matched the profile picture from the Instagram account for Thornton Photography.

10. A search on Facebook identified a page for Thornton Photography, which also contained a link to the website www.thorntonphotographystudio.com. This page contained a post from November 1, 2019, captioned "Moving to Stockton" with a photo of downtown Stockton. The page also showed a map of Stockton with a pin near 526 Caribrook Way, Stockton, CA and listed a phone number of 209-451-8769.

**Prior Investigations of THORNTON for Child Exploitation**

11. In 2013, FBI Stockton executed a federal search warrant at THORNTON's residence at 7620 N. El Dorado in Stockton, California. The warrant was based on information that the website Gottrade.com was posting nude images of minors and the site was being hosted by an IP address that resolved to Thornton's residence. During the search warrant, multiple electronic devices were seized and agents located several thousand images and videos of child exploitation material on eight different devices. THORNTON was interviewed and admitted to operating the website from his residence.

THORNTON also operated a photography business from his residence and agents interviewed one adult female whose photos were located on THORNTON 's devices. Your affiant was involved in the 2013 investigation of THORNTON and recognized the photo of THORNTON posted on the Instagram site for Thornton Photography as the subject of the 2013 investigation. THORNTON was not charged in connection with the 2013 case.

12. In 2016, law enforcement received additional tips regarding online chats by an individual claiming to have access to sexually exploit a minor female. The IP address used by the account involved in the chats resolved to 526 Caribrook Way, Stockton, CA, which is the current address on Thornton's California driver's license. The Stockton Police Department conducted a welfare check at the residence and confirmed that THORNTON and his wife and their infant son lived there. No juvenile females were located.

**Identification of VICTIM 1 and Connection to THORNTON**

13. Using investigative techniques, agents were able to preliminarily identify VICTIM 1 as someone with whom THORNTON could potentially have contact.

**Search Warrant for THORNTON's Residence**

14. Based on DMV vehicle registration records and surveillance, THORNTON's current address was determined to be 8310 Dauphin Dr., Stockton, CA on December 8, 2019.

15. On June 1, 2020, your affiant obtained a search warrant for 8310 Dauphin Dr. The warrant was executed on June 2, 2020.

**Evidence Developed During Execution of the Search Warrant**

16. A number of computers, cameras, and electronic data storage devices were seized from the residence. These devices have not yet been reviewed.

17. During the search warrant, your affiant interviewed THORNTON after informing him of his *Miranda* rights. THORNTON admitted to taking photographs from at least five series of VICTIM 1 that were posted to TARGET WEBSITE. THORNTON identified VICTIM 1 as "Pixie" and by her legal name, and provided the name of TARGET WEBSITE. THORNTON further identified the camera he used to take the photographs. THORNTON stated that he used his cell phone to send the photographs to an adult female and that he posted them on the TARGET WEBSITE.

18. THORNTON stated that he originally posted the photographs on the TARGET WEBSITE without expecting any compensation, but that he asked for ideas from other users for future photo shoots. THORNTON stated that three users of the TARGET WEBSITE contacted him and stated that they wanted to pay him for photographs of VICTIM 1. THORNTON stated that he distributed images of VICTIM 1 to these three users and received payment from them in cryptocurrency.

19. Your affiant partially reviewed THORNTON's cell phone. During this review, your affiant saw a photograph of VICTIM 1 wearing a pink romper among the images on THORNTON's cell phone. Your affiant recognized this image as one of the images posted to the TARGET WEBSITE. Your affiant also saw a photograph of VICTIM 1 that he did not recognize from the TARGET WEBSITE. In this photograph, VICTIM 1 is nude from the waist up and has black tape or other markings on her body.

20. Costumes worn by VICTIM 1 in some of the images posted to the TARGET WEBSITE were recovered from the property. Specifically, a red mesh tube-style dress and pink romper were recovered from the trunk of the Kia Rio that was included in the search warrant. THORNTON confirmed that the pink romper was the same outfit worn by VICTIM 1 in some of the photographs he posted to the TARGET WEBSITE. Your affiant recognized the red mesh tube-style dress from the photographs posted to the TARGET WEBSITE, but did not ask THORNTON about that outfit.

## CONCLUSION

48. Based on the aforementioned factual information, I respectfully submit that there is probable cause that JONATHAN MICHAEL THORNTON committed the following offense:

**COUNT ONE –** Production of Child Pornography

JONATHAN MICHAEL THORNTON produced images of child pornography between April 1, 2020 and June 1, 2020, in violation of 18 U.S.C. § 2251(a).

**COUNT TWO –** Distribution of Child Pornography

JONATHAN MICHAEL THORNTON distributed images of child pornography between April 1, 2020 and June 1, 2020, in violation of 18 U.S.C. § 2252(a)(2).

I swear, under penalty of perjury, that the foregoing information is true and correct, to the best of my knowledge, information and belief.

/s/ Greg Wenning (by telephone authorization)

Greg Wenning
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me telephonically 2 nd day of June, 2020.

[signature]

The Honorable Edmund F. Brennan
UNITED STATES MAGISTRATE JUDGE

/s/ Mira Chernick
Approved as to form by AUSA MIRA CHERNICK